PETROPLUS, JUDGE:
John C. Moore and Margaret Moore, his wife, claimants herein, have stated in their petition that on September 5, 1969, they conveyed certain real estate to the respondent for a consideration of $28,000.00. The deed contained a “permanent drainage construction easement” which gave the respondent the right to place a large drain on residual real estate reserved to the claimants which adjoined the parcel conveyed to the State. The State proceeded to install the drain which has discharged water onto the claimants’ property in such quantities that the residual parcel of real estate is alleged to be destroyed for any use whatsoever. Photographs of the damaged property were introduced to illustrate the permanent damage done to the property, and, according to the evidence adduced at the hearing, claimants are now unable to sell said property at any price for any use. Claimants further alleged and proved that the deed to the State was prepared by an attorney for the respondent, and that the drainage easement was never explained to them, and that they never intended to convey an easement which would depreciate and destroy their property.
The petition further alleges that the easement is tantamount to a taking of their real estate for public use. Claimants were not represented by counsel, and it was alleged that counsel for the respondent, who prepared the deed, omitted to explain to them the consequences of a drainage easement. In effect, claimants state that their property has been taken for public use without compensation. Damages are claimed in the amount of $20,000.00.
*149 The State’s position is that the drainage easement was a part and parcel of the negotiations for the sale of the property to the State, and that the State upon making payment to the claimants was released from any and all claims for damages or compensation resulting from the road construction to property owned and retained by the claimants. The State also raises a question concerning the application of the two year statute of limitations.
The claimant, John C. Moore, is a councilman of the town of Weirton and has had considerable experience in the real estate and insurance business, and presumably knew what a permanent drainage construction easement involved.
Our consideration of this claim must first be jurisdictional. Chapter 14, Article 2, Section 14 of the official Code of West Virginia, 1931, as amended, reads as follows:
“The jurisdiction of the Court shall not extend to any claim: .5. With respect to which a proceeding may be maintained against the State, by or on behalf of the claimant in the Courts of the State.”
If the claimants have an adequate remedy at law for the ascertainment of their damages, if any, by institution of eminent domain proceedings, it would appear that the Court of Claims, as constituted by the Legislature, has not been conferred with jurisdiction to entertain this case. Unjust enrichment of the State is not an issue in this case. The issue is whether the claimants’ property has been taken for public use without compensation. Even if we assume that the claimants were misled by counsel for the State Road Commission or that a fraud was perpetrated upon the claimants by misrepresentation of the contents of the deed, which clearly sets forth by metes and bounds description the location of the permanent drainage easement and a release of all damages to the residue of land retained or adjoining the land sold by the claimants, a serious question is presented as to whether damages can be awarded by this Court as compensation for the taking of real estate. The Supreme Court of Appeals of the State of West Virginia seems to have settled this issue in the case of Lynch v. State Road Commission of West Virginia, et al., 151 W.Va. 858, decided in 1967, wherein it was held as follows:
“If a highway construction or improvement results in probable damage to private property without an actual taking *150 thereof and the owners in good faith claim damages, the State Road Commissioner has the statutory duty to institute proceedings within a reasonable time after completion of the work to ascertain damages, if any, and, if he fails to do so, after reasonable time, mandamus will lie to require the institution of such proceedings.”
A writ of mandamus was awarded to compel the State Road Commissioner to institute against the petitioner eminent domain proceedings for the purpose of ascertaining damages caused to petitioner’s property by reason of the construction of a certain State road. The damages claimed were of a permanent nature, being the removal of vegetation, diversion of streams and drains from their natural course, and erosion of land by rain and surface waters because of failure to provide adequate drainage facilities to carry off the increased runoff of surface waters caused by the construction of the highway. The petitioner’s property in that case was subjected to flooding from time to time prior to the construction of the highway. The Court held that the petitioner had a clear legal right to mandamus the State Road Commissioner to institute eminent domain proceedings. Where the questions raised could be considered and adjudicated upon proper pleadings and proof, even though no property was actually taken by the State, eminent domain proceedings are a proper remedy to compensate for damage to property resulting from road construction. Article III, Section 9, of the Constitution of West Virginia states: “Private property shall not be taken or damaged for public use, without just compensation.” The question of liability, damages and the amount thereof, the Court stated, should be adjudicated in a proceeding designed for that purpose. This is in line with former decisions of our Supreme Court. See State ex rel. Griggs v. Graney, 143 W.Va. 610, 103 S.E. 2d 878.
It appears to the Court that the damages sustained by the claimants in this case were of a permanent nature and did not result from a willful trespass or the negligence of the respondent. Although we are sympathetic to the claimants and feel that there should be an adjudication of this case on the merits, we are a court of limited jurisdiction and cannot entertain claims that are specifically excluded by statutory law for our consideration.
It becomes unnecessary to pass upon the question of applicability of the statute of limitations, inasmuch as we are of the opinion to *151 sustain the respondent’s motion to dismiss on the ground that the claimants were afforded an adequate legal remedy by the statutory law of our State.
For the reasons stated herein, the motion to dismiss is sustained.
Claim disallowed.