WALLACE, JUDGE:
This claim was filed by the claimant against the respondents for compensation for injuries alleged to have been received while the claimant was on riot duty with the West Virginia National Guard at Weston, West Virginia, in December of 1910. The claimant alleges in his claim that he suffered a skull fracture and subsequently lost the hearing in his right ear and became sensitive to heat and sunlight. He also alleged that he requested a disability discharge from the National Guard. Filed with his claim was a copy of his discharge which indicates that he was discharged on June 30, 1916, for failure to take the federal oath.
The respondents filed a motion to dismiss the claim on the grounds that this Court lacks jurisdiction under the provisions of West Virginia Code 14-2-14, and further, that the claim is barred by the statute of limitations.
The claimant’s brief in opposition to the motion to dismiss contends that a request for a disability discharge is tantamount to a claim for a disability injury. West Virginia Code 15-1B-18 is cited and provides: “all claims arising under this section shall be inquired into by a board of three officers . . ., to be appointed upon the application of the member claiming to be *268 so incapacitated, ... by the commanding officer of the organization or unit to which such member is attached or assigned.”
The brief does not indicate that the claimant requested that a board be convened under this statute to determine his eligibility for disability benefits. Apparently, no action was taken by the claimant from the time of his alleged injury in 1910 until this claim was filed before this Court.
West Virginia Code 14-2-14, pertaining to the jurisdiction of this Court, provides: “The jurisdiction of the Court shall not extend to any claim:
1. For loss, damage, or destruction of property or for injury or death incurred by a member of the militia or national guard when in the service of the State.”
and West Virginia Code 14-2-21 further provides that this Court shall not take jurisdiction of any claim that is barred by the statute of limitations under pertinent provisions of the Code of West Virginia.
The claimant was on active duty with the West Virginia National Guard at the time of the injury in 1910, and was later discharged from the Guard for failure to take the federal oath. Since injury occurred while in the service of the State with the National Guard, this claim is specifically excluded from the jurisdiction of the Court under the provisions of West Virginia Code 14-2-14. This Court is a court of limited jurisdiction and cannot entertain claims that are specifically excluded by statutory law. Moore v. State Road Comm’n of West Virginia, 9 Ct. Cl. 148 (1972).
Even if this claim were not excluded from the jurisdiction of the Court by statute, the Court would be bound nontheless, by express statutory law, to apply the statute of limitations in all cases where the statute would be applicable if the claim were against a private person, firm, or corporation. West Virginia Code 14-2-21; Shered v. Department of Highways, 9 Ct. Cl. 137 (1972).
For the reasons herein stated, the Court is of the opinion to and does sustain the respondents’ motion, and hereby dismisses the claim.
Claim dismissed.